[Civ. No. 4372. First Appellate District, Division Two.—February 26, 1923.]

## JOHN CHRISTOU, Appellant, v. O. BARRIOS, etc., Respondent.

[1] SALE—TRANSFER OF CONFIRMED RIGHT TO PURCHASE SUGAR—CONSTRUCTION OF INSTRUMENT.—In this action to recover a sum of money alleged to be due under a written agreement between plaintiff's assignors and the defendant providing for the transfer to the defendant of the confirmed right of the assignors

to purchase sugar from an Oriental firm, the agreement is construed to be a contract of sale and not merely an assignment of the rights of the assignors under their contract with such firm, rendering the complaint insufficient under section 3311 of the Civil Code by reason of the absence of any allegation of damages.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Raymond Perry for Appellant.

Goldman & Altman for Respondent.

NOURSE, J.—Defendant's demurrer to plaintiff's third amended complaint was sustained. Plaintiff declined to amend and judgment was thereupon entered in favor of defendant.

The amended complaint alleges that on the seventeenth day of May, 1920, plaintiff's assignors, Harry Kockos and Andrew Kockos copartners doing business as Kockos Bros., entered into a contract to purchase 300 tons of Java 24 table sugar for $20 per 100 pounds net c. i. f. San Francisco, California, in bond from A. B. Moulder & Co. Ltd., of Hongkong, China. The seller's confirmation of the sale, which is set forth in the complaint *in haec verba,* requires: "Irrevocable letter of credit at 60 days sight, without interest, to be cabled immediately to Hongkong, China. This credit to be established today, May 17th, 1920." The complaint then alleges that on the same day plaintiff's assignors, having said confirmed right to purchase said sugar, entered into the following agreement with defendant "to transfer to said defendant their confirmed right to purchase said sugar":

"San Francisco, U. S. A., May 17, 1920.
"Messrs. Barrios & Co.,
    "San Francisco, Cal.
"Gentlemen:
    "We beg to confirm sale to you of 300 tons—2000# each Java 24 sugar at $20.00 per hundred pounds, net c. i. f. San Francisco in bond—Hongkong Chamber of Commerce Certificate or any other certificate final as to quality and

weight—May/June shipment from Orient to San Francisco —double mats 100# net.

"It is understood that this sale has been confirmed by A. B. Moulder & Co., Ltd., Hongkong, to us through Bernhardt Fest & Co.

"Terms:

"It is understood and agreed that Barrios & Co. will immediately today open letter of credit at 60 days sight covering above merchandise in favor of Moulder & Co. and we will notify Moulder & Co. through Bernhardt Fest & Co. that we have transferred above merchandise to Barrios & Co. and credit will be established by Barrios & Co.

"Furthermore, in consideration of the transfer of this purchase to you, you will pay us $6000 U. S. money on arrival of goods from the Orient with understanding that if we want you to give us bank guarantee you will furnish same without delay.

"Furthermore, it is understood that if seller will fail to deliver above merchandise Kockos Bros. will not be responsible for any loss you may suffer in this transaction under any consideration.

"It is furthermore understood that brokerage, if any, will be paid by Barrios & Co.

"If the above is in order kindly sign the enclosed copy.

"Yours respectfully,

"KOCKOS BROS.

"ANDREW KOCKOS.

"Approved and accepted

"BARRIOS & CO.

"O. BARRIOS.

"Witness

"GILBERT A. ELLIS."

That Kockos Bros. notified A. B. Moulder & Co. of the transfer to defendant Barrios & Co. and that the latter would immediately establish the letter of credit; that plaintiff's assignors had performed each and every condition on their part to be performed; that defendant "did fail and refuse to open said letter of credit . . . at 60 days sight in favor of A. B. Moulder & Co." and failed and refused to carry out the terms of his contract; "that by reason thereof there became due and immediately payable to said Harry Kockos and Andrew Kockos, copartners doing business as Kockos Bros., the sum of six thousand ($6000) dol-

lars." Then follows an allegation of demand for the payment of the sum of $6000 and defendant's refusal to pay the same, with a prayer for the recovery of this amount. The demurrer is both general and special.

[1] Appellant concedes that the complaint fails to state a cause of action if the contract above set forth between his assignors and respondent was one for the sale of sugar and not, as claimed by him, merely a transfer by Kockos Bros. of their rights under their agreement with Moulder & Co. That it does not state a cause of action for the recovery of damages for breach of a contract of sale is quite apparent. The damages for breach of a buyer's agreement to accept and pay for personal property, the title to which is not vested in him, are fixed by section 3311 of the Civil Code to be: "1. If the property has been resold, . . . the excess, if any, of the amount due from the buyer, under the contract, over the net proceeds of the resale; or, 2. If the property has not been resold . . . the excess, if any, of the amount due from the buyer, under the contract, over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to market, over those which would have been incurred for the carriage thereof, if the buyer had accepted it." There is no allegation by which damages under this section of the code could be shown, and, in fact, no allegation whatever that plaintiff was damaged.

On the question of the construction of the contract, appellant argues that the opening recital, "We beg to confirm sale to you of 300 tons—2000# each Java 24 sugar at $20.00 per hundred pounds," is controlled by the recital: "In consideration of the transfer of this purchase to you, you will pay us $6000." Also that if the agreement was intended to be a sale there would be one recital of a consideration instead of $20 per hundred pounds to A. B. Moulder & Co. and $6000 to Kockos Bros., the letter of credit to be opened by respondent would have been payable to Kockos Bros., no mention would have been made of A. B. Moulder & Co., and they would not have been referred to as the seller; there would have been a direct obligation upon the part of Kockos Bros. to tender delivery of the sugar instead of the covenant releasing them from responsibility in the event of the seller's failure to deliver.

The opening recital must be read in connection with the other provisions of the contract. Standing alone, it quite clearly provides for a sale of sugar at $20 per hundred pounds. But it is apparent from the entire contract that the parties did not understand or intend that Kockos Bros. were contracting to sell the sugar to respondent at that price. The full payment required under respondent's contract was equivalent to 300 tons of sugar at the rate of $21 per hundred pounds; $20 was the price Kockos Bros. were to pay for it. It is obvious that the agreement between Kockos Bros. and respondent was made with reference to the former's agreement with Moulder & Co. covering the identical merchandise. Also that it is the Moulder & Co. sale which is embodied in the first paragraph of defendant's agreement. It sets forth a description of these goods, with the price, time of shipment, manner of packing, etc., as contained in their confirmation of sale. The following paragraph states that "this sale" has been confirmed to Kockos Bros. by Moulder & Co. The words "We confirm sale to you" have a well-defined and unambiguous meaning, the same as understood both in their ordinary and popular sense and according to their strict legal sense—a sale is contemplated. They are not the words ordinarily or technically used to express an assignment of a right under an executory contract. So that unless these words are disregarded as being entirely meaningless here, the only intent which can logically be deduced from them is to confirm a sale to defendant of the goods embraced in the Moulder & Co. contract—a resale. Under the heading "Terms" provision is made for payment of the full amount called for by the contract. First, it provides for the immediate establishment of a letter of credit "covering above merchandise" in favor of Moulder & Co.; second, for the payment of $6,000 to Kockos Bros. on arrival of the goods from the Orient. The amount of the letter of credit required of respondent, as determined from the paragraph describing the merchandise, is based upon the sale price to Kockos Bros. and is similar in all respects to the letter of credit required of Kockos Bros. by their agreement with Moulder & Co. No significance inconsistent with a sale attaches to this fact or to the fact that defendant's letter of credit was made payable to Moulder & Co. instead of Kockos Bros.

The seller may have the purchase price, or a portion thereof, made payable to a third person. Pointing toward a sale is the statement: "We will notify Moulder & Co. . . . that we have transferred above *merchandise* to Barrios & Co." A transfer of merchandise is quite distinct from an assignment or transfer of a right under an executory contract to purchase. The next provision appellant contends is controlling and determines the nature of the contract to be, not a sale, but a transfer of a right. It is: "Furthermore, in consideration of the transfer of this purchase to you, you will pay us $6000 . . . on arrival of goods from the Orient." Respondent insists this is simply a $6,000 balance of the purchase price. Alone, this provision more nearly indicates an assignment than a sale. It is not in the usual form for either, and is perhaps not sufficient to outweigh the effect of other provisions indicating that a sale was intended. In addition to those mentioned is the provision relieving Kockos Bros. from responsibility for any loss suffered by respondent for failure to deliver. This was entirely superfluous if the instrument was regarded merely as an assignment. As assignor he would not have been liable for the seller's breach in any event. But in the absence of such a provision Kockos Bros. would have been liable for failure to deliver under a contract of sale. The Moulder & Co. agreement excused them from responsibility for delays in delivery beyond their control, and Kockos Bros. were undoubtedly providing against this contingency.

Looking at the instrument as a whole, we think it must be construed as a contract of sale and that the demurrer was properly sustained.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.